UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REACH AIR MEDICAL SERVICES, LLC, CALSTAR AIR MEDICAL SERVICES, LLC, GUARDIAN FLIGHT LLC, MED-TRANS CORP., and AIR EVAC EMS, INC.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**AETNA HEALTH, INC., AETNA LIFE INSURANCE CO., and AETNA HEALTH AND LIFE INSURANCE CO.,**<br><br>Defendants. | Civil Action No. 4:23-cv-00805 |

**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Defendants move for an order staying discovery until resolution of their pending motion to dismiss or, in the alternative, transfer venue, as the underlying dispute in this case is moot and resolution of the pleaded claims involves pure questions of law for the Court to decide. *See* Dkt. 12. Also pending before the Court are Plaintiffs' motion to consolidate (Dkt. 17), Defendants' cross-motion for reassignment (Dkt. 19), and Plaintiffs' motion for leave to file a sur-reply (Dkt. 18). Defendants file this motion without waiver of their motion for reassignment.

**SUMMARY OF THE ARGUMENT**

This case no longer concerns the outstanding payment for any Independent Dispute Resolution ("IDR") awards, as Defendants have fully paid all IDR awards identified by Plaintiffs in their original complaint. Rather, this case now involves only Plaintiffs' purported claims for interest, penalties, or attorney's fees under three distinct legal theories: (1) the No Surprises Act

("NSA");[1] (2) ERISA; and (3) state-law prompt-pay statutes. For reasons explained in Defendants' motion to dismiss, Plaintiffs, as a matter of law, have failed to invoke the Court's jurisdiction under any of the pleaded causes of action. *See* Dkt. 12 at 12–20. Crucially, because "[w]hether a cause of action exists is a question of law," no discovery is required to resolve this matter. *Holt v. Schweiger Constr. Co.*, 2009 WL 1259966, at *9 (W.D. Mo. May 5, 2009).

Before addressing the dispositive issues identified above, however, the Court must first determine whether the Southern District of Texas is a proper venue to resolve this dispute. Specifically, Plaintiffs' basis for filing suit in the Southern District of Texas is because a handful of the IDR awards at issue were decided by a dispute-resolution entity located in Houston. For reasons explained in Defendants' briefing, based on Plaintiffs' pleaded claims,[2] the "event[] or omission[] giving rise to" Plaintiffs' complaint is not *where* the IDR awards were issued. *See* Dkt. 12 at 10–12; Dkt. 16 at 1–2. Rather, Defendants alleged failure to timely pay the IDR awards is the "omission" that gives rise to Plaintiffs' claims. And for purposes of determining venue, the "omission" of a failure to remit payment occurs at the situs of the payor—here, the District of Connecticut (i.e., the judicial district where Defendants are located). *See* Dkt. 12 at 11–12; Dkt. 16 at 1–2.

Judicial economy and resources (both the Court's and the parties') would plainly be wasted if the Court allows discovery to proceed, only later to determine that Plaintiffs' claims must be dismissed or transferred to another venue. Thus, staying discovery pending resolution of

---

[1] Plaintiffs do not seek penalties or attorney's fees under the NSA (i.e., they only seek pre- and post-judgment interest). *See* Dkt. 1 at 6–7.

[2] Notably, Plaintiffs have intentionally avoided any attempt to enforce the awards under the Federal Arbitration Act ("FAA"). *See* Dkt. 1 at 6–8. Their calculated decision to do so means that they cannot rely on provisions of the FAA to argue that the district where the awards were issued is an appropriate venue. *See* Dkt. 12 at 11–12; Dkt. 16 at 3–4.

Defendants' motion to dismiss or, in the alternative, transfer venue is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979). Further, as shown below, Plaintiffs have a track record of attempting to use the discovery process as an end-run around Congress's comprehensive regulatory scheme for resolving payment disputes under the NSA—namely, its IDR process.

In sum, the Court should resolve threshold questions regarding venue and jurisdiction before any discovery takes place.

## BACKGROUND

Plaintiffs' complaint identifies 51 IDR awards, which Plaintiffs allege that Defendants failed to pay within the 30-day window provided for under the NSA. *See* Dkt. 1-2; *see also* 42 U.S.C. 300gg-111(c)(6). As mentioned, however, Defendants have since paid all 51 IDR awards in full, thereby mooting this dispute. Yet, Plaintiffs continue to pursue this case, alleging they are entitled to interest, penalties, and attorney's fees. They are not.

Despite the only unresolved issues being pure questions of law (i.e., whether Plaintiffs have viable claims for relief under their pleaded legal theories), Plaintiffs served Defendants with written discovery and intend to take oral depositions. *See* Dkt. 23 (Joint Discovery/Case Management Plan) at 4 ("Plaintiffs expect to take Defendants' corporate representative deposition this Fall. . . . Whether other fact witness depositions will be needed depends on the results of written discovery.").

Plaintiffs' effort to obtain discovery in this case is nothing more than a thinly veiled attempt to get their hands on materials they can use in future IDR proceedings involving Aetna. As the Court is no doubt already aware, Plaintiffs—i.e., Guardian Flight and its affiliates—have brought at least six separate lawsuits to vacate IDR awards, two of which are pending before this Court.

3

*See Guardian Flight LLC v. Aetna Health, Inc., et al.*, Case No. 4:22-cv-03805 (S.D. Tex. 2022).[3] In *Guardian Flight*, Aetna was forced to move for a protective order or, in the alternative, stay on discovery because Guardian Flight served discovery aimed at circumventing express provisions of the NSA prescribing the information to which a provider is entitled in these disputes. For example, Guardian Flight sought to obtain competitively valuable information concerning how Aetna calculates its Qualifying Payment Amount—i.e., information based on its contractual rates with providers. As in *Guardian Flight*, there is little doubt that any information Plaintiffs get their hands on via discovery will be used to gain a competitive advantage in its dealings with Aetna.[4]

Given the issues raised in the pending motion, the mootness of Plaintiffs' request to enforce the IDR awards that are the subject of their complaint, and Plaintiffs' record of using discovery as a means to evade the NSA's regulatory framework, discovery in this case should be stayed until, at the very least, the Court decides Defendants' motion to dismiss or, in the alternative, transfer venue. *See* Dkt. 12.

## LEGAL STANDARD

"[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quotation omitted). Indeed, the Fifth Circuit has repeatedly confirmed that a district court properly exercises its discretion by staying discovery until it has determined preliminary questions that may dispose of

---

[3] The Court consolidated Case No. 4:22-cv-03979 into Case No. 4:22-cv-03805.

[4] Indeed, Plaintiffs' counsel—who represents Guardian Flight and its affiliates in the lawsuits seeking to vacate IDR awards—has not shied from the fact that Guardian Flight and its affiliates intend to use discovery in those cases as a means of obtaining any disparaging information it can use to its advantage in future IDR proceedings involving Aetna. *See Guardian Flight*, Case. No. 4:22-cv-03805, Docket Entry 43-1 (April 1 hearing transcript) at 8:18–9:10.

the case. *See, e.g., Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988) (discussing district court's discretion to stay discovery pending a decision on a dispositive motion, noting "[i]t would be wasteful to allow discovery on all issues raised" when the case ultimately will not proceed past the motion-to-dismiss stage). Relatedly, district courts find that staying discovery is particularly appropriate, whereas here, there are pending motions regarding jurisdiction or venue. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," such as granting a stay of discovery.[5] Fed. R. Civ. P. 26(c)(1); *see also Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 435 (5th Cir. 1990). Good cause may exist when "resolving a motion to dismiss might reduce or preclude the need for discovery or where "discovery will impose undue burden or expense without aiding resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).

## ARGUMENT & AUTHORITIES

The NSA itself does not provide for a private cause of action to "enforce" IDR awards, much less a vehicle for Plaintiffs to recover interest, penalties, or attorney's fees. *See* Dkt. 12 at 12–13; Dkt. 16 at 2–4. In a futile effort to avoid this unfortunate fact, Plaintiffs have pleaded alternative theories for recovery under ERISA and fourteen different states' prompt-pay statutes. The viability of these alternative theories, however, fails under the slightest scrutiny. *See* Dkt. 12 at 13–19; Dkt. 16 at 4–5. Moreover, Plaintiffs' lack standing to pursue those claims. *See* Dkt. 12 at 13–16.

Importantly, standing is a threshold issue, without which the Court lacks jurisdiction. *See*

---

[5] It also is within the Court's discretion to *sua sponte* issue a protective order in lieu of an order staying discovery.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009). Accordingly, a stay of discovery is appropriate while the Court determines whether Plaintiffs have standing to pursue their claims. *See, e.g., Laufer v. Patel*, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until first deciding preliminary questions of subject-matter jurisdiction).

If that weren't enough, before the Court considers whether it has jurisdiction to decide Plaintiffs' claims, the Court must first determine whether the Southern District of Texas is a proper venue.[6] *See* Dkt. 12 at 10–12; Dkt. 16 at 1–2. As explained, the "event[] or omission[] giving rise to" Plaintiffs' complaint is not *where* (some of) the awards were issued. *See* 28 U.S.C. § 1391(b)(2). Rather, the singular event or omission giving rise to Plaintiffs' complaint is Defendants' alleged failure to timely pay the awards. Accordingly, venue is proper in the District of Connecticut—the judicial district where Defendants reside. *See id.* § 1391(b)(1).

The pending question of venue strongly militates against allowing any discovery to proceed. Indeed, if the Court were to allow discovery to go forward only to ultimately transfer the case to the District of Connecticut, Defendants run the risk of being subject to inconsistent discovery orders. *See PopSockets LLC v. Online King LLC*, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) ("[T]his court agrees with Defendant that [its] burden could become prejudicial in the event this matter is transferred to another district, thereby increasing the possibility of

---

[6] "Several courts have found that where the venue issue renders the personal jurisdiction problem moot, thus avoiding the need to address constitutional questions, consideration of venue before personal jurisdiction is appropriate." *Corbello v. Devito*, 2008 WL 2097435, at *2 (E.D. Tex. May 19, 2008) (collecting cases).

inconsistent discovery rulings and court hearings."); *see, e.g., Morrill v. Stefani*, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (staying discovery pending outcome of motion to dismiss based on personal jurisdiction and improper venue).

In sum, to allow discovery to go forward while the Court considers Defendants' pending motion—which raises critical preliminary questions regarding the Court's authority to hear this dispute—would waste both the Court's and the parties' time and resources. Indeed, Defendants would be unduly burdened with needless fees and costs incurred in the discovery process if the Court ultimately dismisses or transfers this action. Not to mention, if the latter were to occur, Defendants could be subject to inconsistent discovery rulings. Finally, a stay on discovery will not prejudice Plaintiffs because "no discovery [is] needed to resolve the [pending] motions to dismiss."[7] *Landry*, 901 F.2d at 435.

For the reasons set forth above, good cause exists to stay discovery pending the Court's resolution of Defendants' motion to dismiss or, in the alternative, transfer venue. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("good cause" to stay discovery exists when there is a potentially meritorious motion that would be dispositive); *Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court stay discovery until it has ruled on Defendants pending motion to dismiss or, in the alternative, transfer venue. *See* Dkt. 12.

---

[7] Assuming the case survives the motion-to-dismiss stage, a discovery stay still will not prejudice Plaintiffs because the Court has yet to issue a scheduling order.

Respectfully submitted,


By: /s/ *John B. Shely*
    JOHN B. SHELY
    Texas State Bar No.18215300
    jshely@HuntonAK.com
    Attorney-in-Charge
    M. KATHERINE STRAHAN
    Texas State Bar No. 24013584
    kstrahan@HuntonAK.com
    DAVID HUGHES
    Texas State Bar No. 24101941
    DHughes@huntonAK.com
    HUNTON ANDREWS KURTH LLP
    600 Travis, Suite 4200
    Houston, Texas 77002
    Telephone: (713) 220-4200
    Facsimile: (713) 220-4285

**Attorneys for Defendants**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 7, 2023, I conferred with Plaintiffs' counsel regarding the relief sought and was informed that Plaintiffs are opposed.[8]

/s/ David Hughes
David W. Hughes

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically on August 7, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David Hughes
David W. Hughes

---

[8] On this date (August 7), Defendants served their objections to Plaintiffs' discovery requests subject to this motion. Because Defendants move to stay all discovery, Defendants do not believe this is a "discovery dispute" contemplated by the Court's rules for additional conference requirements. *See, e.g.*, *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, 2022 WL 1239250, at *2 (D. Colo. Apr. 27, 2022) ("This court has not traditionally held discovery dispute conferences to discuss whether a stay of discovery is appropriate, and accordingly, the court does not consider a motion to stay all discovery to be a motion which requires the Parties to first contact the court to schedule a discovery dispute conference."); *see also LS3 Inc. v. Cherokee Fed. Sols., L.L.C.*, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021) (explaining movant was not required to request a court conference before moving to stay discovery, noting that courts do not typically grant the requested relief without formal motions or orders).