United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUARDIAN FLIGHT LLC, *et al.*, § § Plaintiffs, § § VS. § CIVIL ACTION NO. 4:23-CV-00805 § AETNA LIFE INSURANCE COMPANY § INC, *et al.*, § § Defendants. § | |

## ORDER

Before the Court are Plaintiffs' Original Complaint (Doc. #1) and Plaintiffs' First Amended Complaint (Doc. #23 in 4:23-cv-826[1]); Defendants Aetna Health, Inc., Aetna Life Insurance Co., and Aetna Health and Life Insurance Co.'s (collectively, "Aetna") Motion to Dismiss (Doc. #12); Defendant Cigna Health and Life Insurance Company's ("Cigna") Motion to Dismiss (Doc. #28 in 826); Plaintiffs' Responses thereto (Doc. #13; Doc. #29 in 826); and Aetna and Cigna's Replies (Doc. #16; Doc. #33 in 826). Having considered the parties' arguments and the applicable legal authorities, the Court grants Aetna's Motion to Dismiss (Doc. #12) and Cigna's Motion to Dismiss (Doc. #28 in 826).

---

[1] On September 6, 2023, the above-captioned case was consolidated with *REACH Air Medical Services, LLC v. Cigna Health & Life Insurance Co.*, 4:23-cv-826. Doc. #42. For the sake of brevity and clarity, when distinguishing between the two cases, the Court will refer to the member case as *REACH Air* and the lead case as *Guardian Flight*. Further, when citing to documents filed in *REACH Air*, the Court will specify such by using the last three digits of the cause number, 826. If no case-specific identifier is used, then the citation is to a document on the *Guardian Flight* docket.

I.   **Background**

Plaintiffs Guardian Flight, LLC, REACH Air Medical Services, LLC, CALSTAR Air Medical Services, LLC, Med-Trans Corporation, and Air Evac EMS, Inc. (collectively, "Plaintiffs") are air ambulance providers. On March 3, 2023, Plaintiffs sued Aetna for allegedly failing to timely pay out-of-network payment awards that were issued to Plaintiffs pursuant to the No Suprises Act (the "NSA"). Doc. #1. On March 6, 2023, Plaintiffs filed a lawsuit with similar allegations against Cigna, captioned *REACH Air Medical Services, LLC v. Cigna Health & Life Insurance Co.* Doc. #1 in 826. Plaintiffs subsequently amended their Complaint against Cigna on June 23. Doc. #23 in 826.

The NSA aims to end surprise medical billing related to services rendered by air ambulance providers. 42 U.S.C. §§ 300gg-112. To achieve this end, the NSA requires that if a patient's health insurance would cover air ambulance medical services by an in-network provider, then the same cost-sharing benefits must extend to out-of-network providers as well. *Id.* §§ 300gg-112(a)(1)–(2). The NSA sets forth a standardized process to facilitate the presentation and payment of air ambulance transport claims. After the air ambulance provider submits a bill to the health insurance company, the insurance company has thirty days to notify the provider if it will make or deny the payment. *Id.* § 300gg-112(a)(3). Should the insurer deny payment, the provider can initiate open negotiations with the insurance company to determine an agreed upon payment amount for the air ambulance services rendered. *Id.* § 300gg-112(b)(1)(A). If the open negotiations fail, then the NSA calls for the parties to initiate an independent dispute resolution ("IDR"), described as a "baseball-style arbitration," with a certified IDR entity. *Id.* § 300gg-112(b)(2)(A); *see also Med-Trans Corp. v. Capital Health Plan, Inc.*, Nos. 3:22-cv-1077-TJC-JBT, 3:22-cv-1153-TJC-JBT, 2023 WL 7188935, at *1 (M.D. Fla. Nov. 1,

2023). During the IDR, the parties each submit an amount for the cost of the air ambulance services rendered, of which the IDR entity selects the prevailing amount. *Id.* §§ 300gg-112(b)(5)(B), (C)(ii). After the IDR entity selects one of the amounts, payment shall be made "not later than 30 days after the date on which such determination is made." *Id.* § 300gg-112(b)(6).

As to Aetna, Plaintiffs contend that fifty-one IDR awards totaling $1,049,321.25 have not been paid. Doc. #1 at 5–6. As to Cigna, Plaintiffs assert that 269 IDR awards totaling nearly $4 million are past due. Doc. #23 in 826 at 5. As such, Plaintiffs allege that Aetna and Cigna's (collectively, "Defendants") failure to pay the IDR awards violate the NSA, constitute an improper denial of Employee Retirement Income Security Act ("ERISA") benefits, and violates various state prompt payment statutes. *See* Doc. #1; Doc. #23 in 826. *REACH Air* was assigned to the Honorable George C. Hanks, Jr. However, because the Plaintiffs in both cases are the same, are represented by the same attorneys, and there are similarities in the facts, parties, and procedural postures,[2] the Court consolidated the cases on September 6, 2023. Doc. #42.

In their respective Motions to Dismiss, Defendants challenge whether venue is proper in the Southern District of Texas. Doc. #12 at 10–12; Doc. #28 in 826 at 8. Aetna and Cigna are Connecticut companies with their principal places of business in Connecticut. Doc. #1 at 2–3; Doc. #23 in 826 at 2. In their Complaints, Plaintiffs state,

> Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside and transact business in this district and a substantial part of the events giving rise to the claims occurred in this district. This district is the headquarters of IDR entity Medical Evaluators of Texas ASO, LLC, which issued many of the IDR awards involving Defendants. Additionally, several of the claims at issue concern transports that were provided in Texas.

---

[2] At the time of consolidation, Motions to Dismiss filed by the Defendants in both cases were ripe for consideration. Doc. #12; Doc. #28 in 826. The parties also disputed whether discovery should be stayed pending a ruling on the Motions to Dismiss.

Doc. #1 at 3–4; *see also* Doc. #23 in 826 at 3. Defendants also contest whether a private right of action exists in the NSA, Plaintiffs' standing to assert claims under ERISA, and when, if ever, state prompt payment statutes apply in NSA cases. Doc. #12; Doc. #28 in 826.

## II.     Legal Standard: Federal Rule of Civil Procedure 12(b)(3)

A case may be dismissed for improper venue. FED. R. CIV. P. 12(b)(3). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W.D. Tex.*, 571 U.S. 49, 56 (2013). Section 1391(b) permits a civil action to be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In regards to Section 1391(b)(2), "a district court should not accept venue if the activities that transpired in the forum district were insubstantial in relation to the totality of the events giving rise to Plaintiffs' claims." *Andrade v. Chojnacki*, 934 F. Supp. 817, 827 n.18 (S.D. Tex. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994) ("Events or omissions that might only have some tangential connection with the dispute in litigation are not enough [to lay venue under Section 1391(b)].")).

The plaintiff bears the burden of establishing that venue is proper for each of his or her claims. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018). If the court determines that venue is improper, the court is permitted to either dismiss the case or, if it is "in the interest of justice," transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision to dismiss or transfer lies within the court's

discretion." *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 (S.D. Tex. 2013).

**III.    Analysis**

Aetna asserts that venue is improper pursuant to Section 1391(b)(2) because the alleged events or omissions at issue here were Aetna's nonpayment of the IDR awards, which occurred in Connecticut. Doc. #12 at 11. Cigna concedes that even if the Southern District of Texas is the proper venue for some of the IDR awards, this is an improper venue for the Court to rule on all of the awards. Doc. #33 in 826 at 3. Plaintiffs contend that venue is proper in the Southern District of Texas because some of the IDR awards were decided here, and the determination of the IDR awards "is the key event that gives rise to a prevailing IDR party's claims." Doc. #13 at 5; *see also* Doc. #29 in 826 at 9 ("Here, the IDR awards at issue include those decided in Houston, Texas. Accordingly, with respect to the payment disputes decided by an IDR entity in this District, a substantial part of the 'events or omissions' giving rise to Plaintiffs' claim occurred in this District, making venue proper here." (citation omitted)). Further, Plaintiffs argue that venue is proper because some of the emergency air ambulance services were rendered in Texas. Doc. #13 at 6. Finally, Plaintiffs argue that venue is proper for the IDR awards decided by IDR entities outside of this district pursuant to the doctrine of pendent venue. *Id.* at 6–7; Doc. #29 in 826 at 9–11.

At their core, Plaintiffs' claims in this case are predicated upon receiving the past due IDR awards from Aetna and Cigna, plus additional costs and interest. *See* Doc. #1; Doc. #23 in 826. While it is true that the IDR awards at issue only came into existence because the parties engaged in IDR processes, some of which occurred in Houston, Texas, the substantial events or omissions giving rise to Plaintiffs' claims occurred when Aetna and Cigna failed to timely pay the IDR awards. If Plaintiffs alleged in their Complaints that there were some deficiencies with the IDR processes that occurred in Houston, or even that there was some error in the IDR awards that were

5

decided in this district, then perhaps the Court would view those events as giving rise to Plaintiffs' claims. But here, the Complaints are littered with allegations solely regarding Defendants' failure to pay the IDR awards and why Plaintiffs are entitled to receive those outstanding payments as well as costs and interest. As such, the substantial part of the events or omissions giving rise to Plaintiffs' claims occurred when Defendants did not timely pay the IDR awards, which occurred in Connecticut where Defendants reside. Accordingly, the Southern District of Texas is an improper venue for Plaintiffs' claims. Further, because the Court finds that Plaintiffs' claims are not in the proper venue, the doctrine of pendent venue is inapplicable. *See Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-cv-00606, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021) ("The pendent venue doctrine allows a federal court to hear 'pendent claims' which arise out of the same nucleus of operative fact as a properly venued federal claim, even if the venue of the pendent claim otherwise would not lie.").

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS Aetna's Motion to Dismiss (Doc. #12) and Cigna's Motion to Dismiss (Doc. #28 in 826) as to their improper venue arguments. However, instead of dismissing this case without prejudice as Defendants request, the Court opts to transfer this case to its proper venue. Accordingly, this case is hereby TRANSFERRED to the United States District Court for the District of Connecticut. Further, all pending motions (Doc. Nos. 27, 37, 51, 59, 30 in 826) are hereby DENIED AS MOOT.

It is so ORDERED.

**MAR 2 8 2024**
_____          _____
Date                                 The Honorable Alfred H. Bennett
                                     United States District Judge